**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case No. 16-20062

v.

                                                         HON. DENISE PAGE HOOD

TIMOTHY PRICE,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR EARLY TERMINATION
FROM SUPERVISED RELEASE [#700]**

On October 17, 2016, Defendant Timothy Price pleaded guilty to RICO conspiracy for his involvement in the Rollin 60s Crips. On January 29, 2018, the Court sentenced Defendant below the applicable guideline range to a term of 48 months in prison, followed by three years of supervised release. *See* ECF No. 551. After completing his sentence, Defendant's supervised release period commenced on August 2, 2019.

On August 14, 2020, Defendant filed a Motion for Early Termination from Supervised Release. ECF No. 700. Defendant states, in relevant part:

> I have maintained full-time employment, and remained drug and crime free. I need no services that the probation Department offers. I have a child on the way, and two . . . other daughters' [sic] whom I care for. I

1

> respectfully ask that the court consider me for early termination based on the successful adjustment to supervised release I have [d]emonstrated and has changed my life.

ECF No. 700, PageID 6606. The Government has filed a response. The Probation Department also filed a memo with the Court regarding Defendant's supervised release period.

It is undisputed that Defendant has complied with all terms of his supervised release for the last year. The Probation Department reports that Defendant has been in compliance with the terms of his probation, has held and continues to hold full-time employment, resides with his uncle who is very supportive (and they soon will be moving out of the City of Detroit), has had no criminal conduct, no positive drug screens and has not been a problem in any manner. The Probation Department has no objection to Defendant's request for early termination of his supervised release.

The Government acknowledges Defendant's compliance with the terms of his supervised release, but it argues that early termination of supervised release should be granted only in extraordinary circumstances, such as "exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). The Government contends that Defendant has done no more than comply with the terms of his supervised release – which is not exceptional or unusual.

The applicable statute, 18 U.S.C. § 3583(e), provides district courts with authority to grant early termination of supervised release if, in the discretion of the Court, such relief is appropriate and in the interests of justice. That section provides:

> The court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

The Court concludes that Defendant's motion should be granted. The Court has reviewed his case file and consulted with his probation officer. Defendant has completed over one year on supervised release. Although Defendant has been on supervised release for less than one-half of the three year period imposed against him, he has been compliant and without incident during the period of supervised release, has held steady employment, and is taking care of his family obligations. Defendant's probation officer has recommended that Defendant's period of supervised release be terminated, as he has been compliant with the terms of his supervision.

For the reasons stated above, the Court believes that Defendant has successfully achieved the goals of supervised release to date. The Court finds that terminating

Defendant's supervised release early is in the best interest of Defendant and will serve the interests of justice.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Early Termination of Supervised Release [ECF No. 700] is **GRANTED**.

IT IS ORDERED.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: September 25, 2020